

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

FILED
2015 DEC 21  P 2: 29
US DISTRICT COURT
HARTFORD CT

*Connecticut Financial Center*  (203)821-3700
*157 Church Street, 25th Floor*  *Fax (203) 773-5376*
*New Haven, Connecticut 06510*  *www.justice.gov/usao/ct*

December 21, 2015

Jonathan D. Polkes
Christopher Garcia
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York  10153

    Re:    *United States v. Adam Siegel*
           Criminal No. 3:15cr 231 (RNC)

Dear Mr. Polkes and Mr. Garcia:

      This letter sets forth the understandings between the United States Attorney's Office for the District of Connecticut (the "Government") and Adam Siegel (the "defendant") concerning the defendant's cooperation with the Government. This letter supplements letters dated November 1, 2015 and November 25, 2015 between the same parties, which will be filed in open court. The defendant and the Government expressly agree and understand that these three letters constitute the entire plea agreement.

<u>Scope of Cooperation</u>

      The defendant agrees to cooperate fully with the Government and special agents of the Office of the Special Inspector General for the Troubled Asset Relief Program ("SIGTARP") and Federal Bureau of Investigation ("FBI") as may be required. The defendant understands that all of his cooperation, testimony, statements, information and other assistance as provided below must be fully truthful, accurate and complete. This cooperation will include the following:

    1.    The defendant agrees to be debriefed and to disclose fully and truthfully all information concerning his knowledge of and participation in criminal activities by himself or others whether or not related to the charges to which he is pleading guilty. The debriefings will be conducted by SIGTARP Special Agent James O'Connor, FBI Special Agent Jason Breen, other law enforcement officers or agents as may be required, and representatives of the United States Attorney's Office. All documents and objects that may be relevant to the investigation and which are in the defendant's possession, custody, or control shall be furnished by him upon request.

*Jonathan D. Polkes, Esq.*
*Christopher Garcia, Esq.*
*December 21, 2015*
*Page 2*

2. The defendant agrees to testify truthfully before a grand jury and at any trials or other proceedings in the District of Connecticut or elsewhere as may be required by the Government.

3. The defendant agrees to cooperate fully with the agents and officers referred to above and with representatives of this office. This cooperation includes, but is not limited to, participating in active investigative techniques under the direction and control of the above-referenced agents and officers. It is expressly understood that the defendant shall engage in no undercover activities, operations, or dealings other than pursuant to the specific instructions and control of the agents or officers. Such unauthorized undercover activities, operations, or dealings, renders this agreement voidable by the Government.

4. The defendant agrees not to reveal any information derived from his cooperation to any third party (other than the Court) without prior consent of this office.

## Informing the Court/Others About Cooperation

The defendant expressly understands that the sentence to be imposed upon him is within the sole discretion of the sentencing Court. The Government cannot and does not make any promise or representation as to what sentence the defendant will receive, nor will it recommend any specific sentence to the sentencing Court. However, the Government will inform the sentencing Court and the Probation Office of the nature and extent of the defendant's cooperation, including its investigative or prosecutive value, completeness, truthfulness and accuracy, or the lack of its value, completeness, truthfulness and accuracy. In addition, the Government will make this information known to any other administrative or governmental entity designated in writing by the defendant's counsel.

In addition, if the Government determines that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the Government will file a motion pursuant to Section 5K1.1 of the Sentencing Guidelines advising the sentencing Court of all relevant facts pertaining to that determination and requesting the Court to sentence the defendant in light of the factors set forth in Section 5K1.1(a)(1)-(5). The defendant understands that the determination whether or not to file such a motion rests solely with the Government. The defendant further understands that, whether or not the Government files a motion pursuant to 5K1.1, the Court may impose a sentence it believes to be reasonable in consideration of all relevant factors, including the defendant's cooperation. The defendant understands that even if a 5K1.1 motion is filed, the Court is under no obligation to grant or act favorably upon the motion. It is expressly understood that the sentence to be imposed on the defendant remains within the sole discretion of the sentencing Court.

## Use of Information Against Defendant

Except as provided below, the Government will not use any information disclosed by the defendant during the course of his cooperation against him in any subsequent, unrelated criminal prosecution. The defendant understands that under § 1B1.8 of the Sentencing Guidelines, the information that he discloses must be brought to the attention of the Court. The Government will

*Jonathan D. Polkes, Esq.*
*Christopher Garcia, Esq.*
*December 21, 2015*
*Page 3*

ask that such information not be considered by the Court in tailoring an appropriate sentence. However, the defendant also understands, as set forth below, that if he breaches this agreement such information, statements, or testimony will be considered by the Court in connection with sentencing, and the Government may prosecute him for any federal criminal violation and may use any information, statements, or testimony provided by him, as well as leads or evidence derived therefrom, in such prosecution. Nothing in this agreement shall be construed to protect the defendant from prosecution for perjury, false statement, or obstruction of justice, or any other offense committed by him after the date of this agreement, and the information provided by the defendant may be used against him in any such prosecutions.

Breach of Agreement

If the Government determines that the defendant has intentionally given false, misleading, or incomplete information or testimony; has committed or attempted to commit any further crimes; has failed to cooperate fully; or otherwise has violated any provision of this agreement, then the Government may deem this agreement and/or the plea agreement null and void. However, if the Government voids only the cooperation agreement, the defendant will not be permitted to withdraw his plea of guilty or his plea agreement.

In the event the Government voids this agreement as well as the plea agreement, the defendant will be subject to prosecution for the underlying offense(s) as well as any other federal criminal violation, including but not limited to perjury, false statement and obstruction of justice. Any such prosecution may be premised upon (1) any information or statement provided by the defendant to the Government or other designated law enforcement agents or officers, (2) any testimony given by him in court, grand jury, or other proceedings and (3) any leads derived from such information, statement, or testimony. The defendant understands that such information, statements, testimony and leads derived therefrom may be used against him in any such prosecution. Moreover, the defendant agrees that all such information, statements, or testimony shall be admissible in criminal proceedings against him, and he expressly waives any claim under the Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule or statute that such information, statements, testimony, or leads should be suppressed or excluded. Finally, the defendant waives any claim that such prosecution is time-barred where the statute of limitations has expired between the signing of this agreement and the commencement of any such prosecution.

*Jonathan D. Polkes, Esq.*
*Christopher Garcia, Esq.*
*December 21, 2015*
*Page 4*

No Other Promises

    The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in the plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

                                     Sincerely,

                                       DEIRDRE M. DALY
                                     UNITED STATES ATTORNEY

                                     JONATHAN N. FRANCIS
                                     ASSISTANT UNITED STATES ATTORNEY

    The defendant Adam Siegel certifies that he has read the foregoing letter, and that he fully understands and accepts its terms.

_____    12/21/15
ADAM SIEGEL                        Date
The Defendant

    I have read the above and explained it to my client, who advises me that he understands and accepts its terms.

_____    12/21/15
CHRISTOPHER GARCIA, Esq.    Date
Attorney for the Defendant